Hon. Robert Steingut Chairman Workers' Compensation Board
You have asked whether the Workers' Compensation Board may permit employees of the Board and of other State agencies to take the examination required to be licensed to represent claimants and other persons appearing before the Board. The Board's policy is to permit employees to apply for licensure and take the examination required as part of the application procedure. In the event that the employee satisfies the necessary requirements, the Board notifies him by letter that his application has been approved on the condition that within ninety days of the date of the notification letter, he terminates employment with the Board and uses up or is paid for certain accrued leave. The applicant is requried to notify the Board within the ninety day period that the condition has been met and if the condition is satisfied, the Board issues the license. Your concern is whether this practice is permissible under the provisions of sections 73 and74 of the Public Officers Law.
Under section 24-a(1) of the Workers' Compensation Law:
 "No person, firm or corporation, other than an attorney and counsellor-at-law, shall appear on behalf of any claimant or person entitled to the benefits of this chapter, before the board * * * unless he shall * * * have obtained from the board a license authorizing him to appear in matters or proceedings before the board."
The Board is authorized to test the character and fitness of applicants for licenses and may promulgate rules to govern the licensing process (ibid.). Applicants are required to evidence their fitness and knowledge and understanding of relevant laws and procedures by submitting to written and oral examination (12 NYCRR § 302-1.4).
Members of your staff have described the licensing process. Applicants must fill out an application and submit to a written test and an interview. The written test examines the applicants' knowledge of the Workers' Compensation Law, the Disability Benefits Law and the Volunteer Firefighters' Benefit Law. The written test consists of objective and essay questions. It is graded by a staff attorney and referred with an opinion to a panel of the Board. With respect to applications for licenses as a claimant representative, the panel consists of one board member, a representative from counsel's office and a representative from the secretary's office. The panel which examines applications for licenses to represent self-insurers consists of three members of the Board. There are a total of 12 Board members and a chairman who is authorized to vote to break ties.
The grading of the written test results in three categories: those who passed, those who failed by a narrow margin, and those who failed by a substantial margin. Applicants in the latter category are not interviewed and are denied licensure. Applicants in the other two categories are interviewed by the panel and a recommendation is made to the whole Board, which determines the application.
The employees of the Workers' Compensation Board have a wide range of contacts with panel members and Board members. Some work directly with panel and Board members while others may have some or little direct contact. Also, employees of other State agencies may have had contact with these persons.
An officer or employee of a State agency* "should not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties, or that he is affected by the kinship, rank, position or influence of any party or person" (Public Officers Law, § 74[3][f]). Further, such officers and employees "should endeavor to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust" (id.,
§ 74[3][h]).
We find no basis for a conclusion under the provisions of the Workers' Compensation Law that the Board must agree to test its current employees or other State employees. Examinations are to be given at reasonable intervals and times as fixed by the Board (12 NYCRR § 302-1.4). Currently, examinations are administered three times each year. Thus, a person terminating employment with the Board or with another State agency will have an opportunity within a reasonable period of time to make application for licensure. However, these persons will be subject to the provisions of section 73(7) of the Public Officers Law, restricting appearances before the Board within two years of termination from State service.
It is conceivable that employee/applicants might be examined and interviewed by panels consisting of Board members or other employees with whom they have worked closely. Also, employees may have had close contacts with the full Board or with individual Board members. The grading of essay questions to some extent involves subjective judgments as does the evaluation of a personal interview. Further, your staff has informed us that the examination is not graded anonymously. We believe that testing under these circumstances would create an appearance of impropriety or give the impression of improper influence in violation of the code of ethics established by section 74 of the Public Officers Law. Further, while other employees may have little or no contact with panel and Board members, an argument can be made that the testing of any employees reasonably may create an appearance of impropriety in the eyes of the public.
Neither the law nor regulations require that the Board examine current employees. We believe that the Board may promulgate regulations providing for a manner of testing current employees which eliminates apparent or perceived conflicts of interest.
We conclude that the Workers' Compensation Board is not required to permit employees of the Board and of other State agencies to take the examination required to be licensed to represent claimants and other persons appearing before the Board. The Board may promulgate regulations to restrict or prohibit the testing of these employees in order to eliminate apparent or perceived conflicts of interest.
* As a board within the Department of Labor, the Workers' Compensation Board falls within the definition of State agency as used in section 74 (Workers' Compensation Law, § 140; Public Officers Law, § 74[1]).